## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| John Elliott Richardson, | Case No. 20-CV-1496 (ECT/HB) |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Katy Graves; Mark Lazar; Judge Mary Vasaly; Judge Richard Stebbins; Katz, Manka, Teplinski, Graves, and Sobol; and the Catholic Church, | |
| Defendants. | |

This matter is before the Court on Plaintiff John Elliott Richardson's pro se Complaint [Doc. No. 1] and his applications to proceed *in forma pauperis* ("IFP") without paying a filing fee [Doc. Nos. 2, 3]. The Complaint describes Richardson's concerns about a broad variety of topics including custody and visitation of his daughter, the relationship between church and state, his experience with attorneys and judges, and much more. The matter is now before the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

After review of the two IFP applications, this Court concludes that Richardson qualifies financially for IFP status. Nevertheless, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*); *Carter v. Schafer*,

1

273 F. App'x 581, 582 (8th Cir. 2008) (*per curiam*) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Richardson's Complaint begins with a lengthy recitation of legal principles including constitutional amendments, canons of judicial ethics, ethical responsibilities for lawyers, and a citation to 18 U.S.C. § 241, which prohibits a conspiracy against the rights of a person. (Compl. at 4–12 [Doc. No. 1].) He then transitions into factual allegations that are difficult to follow. For example, "I don't want money, land, power or control. I want a system that works correctly. As a child I had a doctor teach me many things. One

being looking into chaos, put order in the disorder to calm it.  I don't know anything more chaotic than the system." (*Id.* at 14.)  He makes additional allegations about having a daughter and participating in some kind of legal proceedings regarding his child or family that led to the death of his child.  (*Id.* at 15.)  But after careful review of the Complaint, the Court cannot discern any claims sufficient to proceed beyond § 1915(e) review.

     The most succinct claims in the Complaint are that Richardson was not satisfied with the outcome of state court proceedings regarding his deceased child, or with the outcome of criminal matters in which he was involved.  But neither of these types of claims can proceed in federal court.  First, as to the child custody issue, an individual who has lost in state court cannot simply come to federal court to seek review of an injury cased by a state court judgment.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Ballinger v. Culotta*, 322 F.3d 546, 549 (8th Cir. 2003) (case dismissed for lack of jurisdiction under *Rooker-Feldman* where plaintiff sought to sue state actors regarding the outcome of child custody proceedings).  To the extent Richardson implies in his Complaint that he suffered a loss in a state court proceeding related to his child, that does not raise a right of review in federal court.  Second, as to the outcome of the criminal proceedings, Richardson cannot seek any monetary recourse under 18 U.S.C. § 1983 without first showing that those matters have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

3

corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The Complaint does not allege that the outcome of the criminal proceedings has been invalidated in any official way, so he cannot yet seek any recourse in federal court.

As to the remainder of Richardson's allegations, the Court cannot find any articulable basis upon which to assert a claim for relief, let alone a basis for seeking such relief in federal court. Accordingly, this Court recommends dismissal of this case.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The applications to proceed *in forma pauperis* of Plaintiff John Elliott Richardson [Doc. Nos. 2, 3] be **DENIED AS MOOT**.

Dated: July 29, 2020              *s/ Hildy Bowbeer*
                                  Hildy Bowbeer
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).p